UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNIE AYALA, | No. 2:20-cv-02014-TLN-DMC |
| Plaintiff, | |
| v. | **ORDER** |
| FELTNER, et al., | |
| Defendants. | |

This matter is before the Court on pro se Plaintiff Bernie Ayala's ("Plaintiff") Motion for Reconsideration.  (ECF No. 56.)  Defendants Feltner, John Artal, Austin Gaetano, Matthew Toles, Gann, Jose Salcedo, and Anthony Cribari (collectively, "Defendants") filed an opposition.  (ECF No. 57.)  Plaintiff did not file a reply.  For the reasons set forth below, the Court DENIES Plaintiff's motion.

//

//

//

//

//

//

//

1

1    A detailed recitation of the factual and procedural history is not necessary for the
2  disposition of Plaintiff's motion.  In short, Plaintiff filed his First Amended Complaint ("FAC")
3  against Defendants pursuant to 42 U.S.C. § 1983, alleging violations of the Eighth Amendment.
4  (ECF No. 35.)   Defendants moved to dismiss the FAC under Federal Rule of Civil Procedure
5  12(b)(6).  (ECF No. 44.)  Plaintiff filed an opposition and Defendants filed a reply.  (ECF Nos.
6  47, 49.)  On June 13, 2023, after considering the parties' moving papers, the magistrate judge
7  made findings and recommended the Court grant in part and deny in part Defendants' motion to
8  dismiss.  (ECF No. 54.)  Plaintiff was given fourteen (14) days to object to the magistrate judge's
9  findings and recommendations ("F&Rs"), but he did not file any objections.  (*Id.*)
10    On August 7, 2023, the Court adopted in full the magistrate judge's findings and
11 recommendations.  (ECF No. 55.)  A month later, Plaintiff filed the instant motion for
12 reconsideration, and Defendants filed an opposition.  (ECF Nos. 56, 57.)
13    Whenever a motion has been granted or denied in whole or in part, a party may move for
14 reconsideration of that motion.  L.R. 230(j).  A motion for reconsideration must include:

> (1) when and to what Judge or Magistrate Judge the prior motion
> was made;
> (2) what ruling, decision, or order was made thereon;
> (3) what new or different facts or circumstances are claimed to exist
> which did not exist or were not shown upon such prior motion, or
> what other grounds exist for the motion; and
> (4) why the facts or circumstances were not shown at the time of
> the prior motion.

*Id.*

   Plaintiff contends the Court should reconsider his opposition to Defendants' motion to
dismiss because "the argument[s] and claims were not addressed in the Court's last order."  (ECF
No. 56.)  In opposition, Defendants argue Plaintiff's motion should be denied because Plaintiff
failed to object to the F&Rs or file a second amended complaint and because the F&Rs
considered but rejected Plaintiff's claims.  (ECF No. 57.)

///

///

  The Court agrees with Defendants.  Plaintiff does not contend there are new or different facts or circumstances that warrant reconsideration of his motion as required under Local Rule 230(j).  Rather, Plaintiff simply argues reconsideration is appropriate because the Court's prior order did not address all his arguments.  (*See* ECF No. 56.)  This is not a sufficient basis to reconsider his motion.  *See* L. R. 230(j).  In any event, the magistrate judge considered Plaintiff's arguments in his opposition but nevertheless determined Plaintiff failed to state a claim for relief as to Defendants Cribari, Gaetano, Salcedo, and Toles and his claim of conspiracy.  (ECF No. 54.)  Plaintiff was allowed to contest the magistrate judge's findings but did not avail himself of the opportunity.  Moreover, this Court's independent review of the magistrate judge's conclusions of law revealed no legal error.  (ECF No. 55.)

  Accordingly, the Court DENIES Plaintiff's Motion for Reconsideration.  (ECF No. 56.)

  IT IS SO ORDERED.

Date:  February 29, 2024

Troy L. Nunley
United States District Judge

3